PASKLE v. PASKLE.

5-299                                            265 S. W. 2d 497

Opinion delivered February 22, 1954.

[Rehearing denied March 22, 1954.]

*Claude F. Cooper,* for appellant.

*Coleman & Mayes,* for appellee.

ED. F. McFADDIN, Justice.    This appeal involves the care and custody of two little girls, aged 6 and 3 years, respectively; and this is the second appearance of this case in this Court.    See *Paskle* v. *Paskle,* 221 Ark. 733, 255 S. W. 2d 671.    On remand to the Chancery Court, the cause was tried on the evidence originally offered, plus additional evidence; and the Chancery Court refused to change the original custody order.    The mother prosecutes this appeal, and therefore has the burden of proving that the Chancery decree is against the preponderance of the evidence.

It was shown that the mother, Mrs. Dorothy Paskle (now Crawford) left the children with their father, Willard Paskle in 1951; encouraged him to speedily get a divorce; and then she married Mr. Crawford the day

after the divorce was granted. It was shown that Mr. Crawford has five children by his first marriage, and one by his present marriage; and that he and his wife now want the two little Paskle girls to come to the Crawford home, on the claim that such would be better for the little girls than the present home with the father and his grandmother.

The issue in the Chancery Court was whether there had been such a change of circumstances (since the divorce decree of 1951) as to make it for the best interests of the little girls that their custody be awarded to their mother. As to changed conditions, the mother (Mrs. Dorothy Paskle-Crawford) urges: (a) that she now has a home and can take care of her two daughters, whereas she had no home when the Court made the divorce decree and custody order in 1951; and (b) that she understood the children were to be with Willard Paskle's uncle when the custody order was made in 1951, instead of with Willard Paskle and his grandmother, as at the present time. As to the best interests of the children, the mother urges: (a) that Willard Paskle is only a day-laborer and drinks intoxicants; and (b) that the grandmother is old and infirm and does not keep the house and the children clean and neat.

Against the contentions urged by the mother, the father contends that he has all the time maintained a good home for his children; that they are well and healthy; that he has looked after them all along while their mother was acquiring a new husband and a new family; and that the children would be upset and disturbed by being put into a family of six other children.

Some witnesses testified in favor of the mother, and other witnesses testified in favor of the father. It would serve no useful purpose to name the witnesses and detail the testimony of each, or to include in this opinion other facts and circumstances bearing on the issue of the custody of these children. In concluding his opinion herein, the Chancellor said:

"Taking into consideration all the facts and circumstances and the credibility of the witnesses, and weigh-

ing the testimony as best I know how, I am not convinced there is such a change in conditions that the decree should be modified.''

This is a difficult case to decide: child custody cases are always difficult, and this one is particularly so. But from a review of the entire record, we cannot reach the conclusion that the Chancellor's findings are against the preponderance of the evidence. Therefore, we affirm the decree with the hope that these parents and their attorneys will now undertake to cooperate in all respects, so that these little girls will grow up to love both of their parents, and that the mother will have reasonable and proper times for visitation.